COMMONWEALTH *vs.* BENJAMIN F. BROWN, JR.

Essex. Nov. 7. — Dec. 4, 1883. W. ALLEN & HOLMES, JJ., absent.

At the trial of a complaint for keeping intoxicating liquors, with intent to sell the same unlawfully, on a day named, the evidence, on cross-examination, of a police officer, who has testified in support of the complaint, that he served a search-warrant and made a complaint against a person other than the defendant for illegally keeping liquors in the same place, about ten days or two weeks before the date of the present complaint, is incompetent.

COMPLAINT alleging that the defendant, on January 5, 1883, at Marblehead, kept intoxicating liquors, with intent to sell the same unlawfully in this Commonwealth. Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

Benjamin F. Phillips, a police officer, testified for the government to making a seizure of intoxicating liquors in a certain saloon on Prospect Street, in Marblehead, and to seeing the defendant there at the time of the seizure; and to certain conversations with, and acts of, the defendant in said saloon, at the time of the seizure, and at different times before the seizure, tending to show that the defendant was the keeper of said place, and kept the liquors therein with intent to sell.

On cross-examination of Phillips, the defendant offered to show, as bearing upon the question of the proprietorship and control of the place, that, about ten days or two weeks before the day named in the complaint, Phillips, in company with another officer, went to this saloon with a search-warrant, in

which it was alleged that intoxicating liquors were illegally kept for sale there by one Edward Heffernan, and made a seizure of liquors in said place, and afterwards swore out a warrant against Heffernan, for keeping said liquors, with intent to sell the same unlawfully. To this evidence the government objected; and the judge excluded it.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. F. Hurlburt,* for the defendant.

*H. N. Shepard,* Assistant Attorney General, for the Commonwealth:

BY THE COURT. The complaint against the defendant is for keeping, on January 5, 1883, intoxicating liquors, with intent to sell the same contrary to law. The fact that a police officer, who was a witness for the government, served a search-warrant and made a complaint against one Heffernan for illegally keeping liquors in the same place, ten days or a fortnight before said January 5, is not competent as substantive evidence upon the issue whether the defendant illegally kept liquors for sale, as alleged in the complaint. At the most, it tends to show that the officer did not then suppose that the defendant was the keeper of the place. This is mere hearsay, and is inadmissible.

The evidence was not offered to contradict the police officer, and the bill of exceptions does not show that it would contradict any of his testimony on this trial.

*Exceptions overruled.*